IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CEDRIC PORTER**, | |
| Plaintiff, | |
| v. | Civil Action No. 7:22-CV-8 |
| **LESLIE BUIS**, | |
| Defendant. | |

ORDER

On May 12, 2022, the Court entered an Order granting *pro se* Plaintiff Cedric Porter's Motion for Leave to Proceed *in forma pauperis* ("IFP") and directing Plaintiff to file a recast complaint. (Doc. 5). Plaintiff filed his recast complaint on May 25, 2022. (Doc. 6). The revised complaint is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e).

I. PRELMINARY REVIEW

A. Standard of Review

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories

"indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Since Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

  **B. Factual Allegations**

The events underlying Plaintiff's claims are difficult to discern. The Court believes Plaintiff to allege that he was employed by Mama June's restaurant in Valdosta, Georgia. While working at Mama June's, Plaintiff claims he was sexually harassed and "manipulated to sell drugs around kids and other employees." (Doc. 6, p. 4). Plaintiff claims he informed Karen Jones, the manager, about this mistreatment. (Id.). He further states he "felt lead in [his] head move around in [his] body." (Id.). Because of this condition, working around the metal in the kitchen caused him to have panic attacks. (Id.). According to Plaintiff, his experience at Mama June's led to his bipolar diagnosis. (Id.).

## C. Plaintiff's Claims

The nature of Plaintiff's claim is not clear. His recast complaint does not provide a basis for the Court's jurisdiction. Plaintiff completed the standard complaint form for a violation of civil rights. To the extent that Plaintiff intends to assert a claim under 42 U.S.C. § 1983 for a deprivation of his constitutional rights, Plaintiff's recast complaint fails to state a claim.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

The allegations in Plaintiff's complaint fail to outline a claim under § 1983. Plaintiff has not alleged any violation of his constitutional rights nor has he alleged that any of the individuals named in his complaint were acting under color of law.

Plaintiff's recast complaint more likely attempts to state a claim for employment discrimination. Plaintiff appears to allege that he has a mental health condition and that he suffered harassment while employed by Mama June's restaurant. These allegations alone, however, are insufficient to set forth a claim

for any form of employment discrimination. Plaintiff's recast complaint does not clearly outline when these events occurred, whether he is a member of a protected class, whether he was discriminated against based on his protected status, whether he suffered an adverse employment action, or whether he was treated differently than a similarly situated employee outside his protected class. Moreover, Plaintiff has not alleged that he properly exhausted any claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(b) and (f)(1) (setting forth the procedures for a Title VII claim); 42 U.S.C. § 2000ff-1 (42 U.S.C. § 12117(a) (incorporating the same procedural requirements articulated in Title VII claims for ADA claims).

Plaintiff has stated no cognizable basis for relief. The Court accordingly **DISMISSES** Plaintiff's recast complaint (Doc. 6) without prejudice.

### III. Conclusion

For the reasons discussed herein, the Court **DISMISSES** Plaintiff's recast complaint without prejudice.

**SO ORDERED**, this the 6th day of July, 2022.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks